UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT VINES JR.,

    Plaintiff,

v.                                                                                 Case No. 07-C-956

RANDAL R. HEPP, et al.,

    Defendants.

## ORDER

    Plaintiff Robert Vines Jr., who is proceeding pro se, lodged a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Kenosha County Jail, Kenosha, Wisconsin.

    Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the initial partial filing fee or the statutory filing fee in this case. Therefore, leave to proceed *in forma pauperis* will be granted. Plaintiff is advised, however, that the full $350 will ultimately be assessed out of his prison trust account.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, U.S. , 127 S. Ct. 1955, 1966 (2007) (citing 5 Wright & Miller § 1216, at 233-234); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("Some threshold of plausibility must be crossed at the outset . . . ."). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most

favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff has named as defendants in this case Randall Hepp, who is identified as the Warden of Jackson Correctional Institution ("JCI"), Matthew Frank, identified as the Secretary of the Department of Corrections, the State of Wisconsin, a John Doe Supervisor of the Building and Grounds Department, John and Jane Doe employees of that department, a John Doe Inmate Complaint Investigator, a John Doe Unit Manager for the Quarry Housing Unit during September 2006, and other John and Jane Doe prison officials at JCI.

According to Vines, defendants were "negligent" and "deliberately indifferent" to an open and obvious structural defect in a shower located in what is known as "the Quarry Housing Unit B-side shower room" at JCI. (Compl. 3.) The alleged defect caused puddles of water to accumulate in parts of the shower, and there were no shower mats in place on the shower floor. (*Id.*) On the morning of September 1, 2006, Vines slipped and fell in this shower, rendering him unconscious. (Compl. 4.) Vines was taken by ambulance to a nearby hospital, having sustained head, neck and back injuries, and continues today to suffer from migraine headaches, neck and back pain as a result of his injuries. (*Id.*) Vines claims that defendants were aware that the shower posed a risk to inmate health and safety as the risk was open and obvious, and because Vines had filed several grievances about it, which were all dismissed. (*Id.*) In support of his claim that defendants knew of the risk, Vines also indicates that he injured his foot in the same shower on or about May 30, 2006, and that

3

another inmate had complained to prison officials about the lack of shower mats. (*Id.*) Vines seeks injunctive and monetary relief. (Compl. 4-5.)

Generally speaking, an accident resulting from an unsafe condition on another's property will constitute a textbook case of negligence. The plaintiff would allege that the defendants, having a duty of care towards the plaintiff, breached that duty by failing to cure what they knew or should have known to be a dangerous condition. When the defendant is a state actor, however, the temptation exists to allege that the defendant was not just negligent but in violation of the Constitution. Such a claim, brought under § 1983, requires a much higher showing than mere negligence, however. To successfully make out a § 1983 claim, a plaintiff must allege that the defendant was deliberately indifferent to a serious risk of substantial harm. Deliberate indifference is a mental state approaching intent: the defendant need not intend harm, but he must know that an excessive risk exists to the plaintiff's health and safety if no corrective action is taken. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004). In short, negligence is not enough. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (rejecting inmate's due process claim after inmate fell on stairs due to the presence of a pillow left there by jail staff). When the complaint alleges that the defendant failed to protect the plaintiff from a known dangerous condition, the question of deliberate indifference can be phrased as whether the plaintiff's exposure to that condition would "offend contemporary standards of decency." *Christopher*, 384 F.3d at 882.

The complaint in this case does not sufficiently allege deliberate indifference. Vines claims defendants knew that puddles of water accumulated on the floor of a shower that was not covered with shower mats. He slipped on the shower's surface and was injured by his fall. Exposure to puddles on a shower floor does not offend contemporary standards of decency or evidence defendants' knowledge of an excessive risk of injury. In *Christopher*, the Seventh Circuit rejected

4

an inmate's claim of deliberate indifference when he alleged that the conditions on the prison's softball field were dangerous. *Id.* The inmate alleged that a "lip" on the field, which had previously resulted in injury to another inmate, caused a ball to bounce up into his face and injure him. The court found that even if the defendants knew the lip was inherently dangerous, exposure to that condition did not amount to deliberate indifference. The court contrasted exposure to other dangerous conditions – such as excessive cigarette smoke, violent other inmates, dangerous machinery, and raw sewerage – and concluded that exposure to a dangerous softball field did not offend contemporary standards of decency. *Id*.

Assuming, as I must at this stage, that defendants knew there were puddles on the uncovered shower floor, such a hazard, like a dangerous softball field, simply "does not amount to a condition objectively serious enough to implicate the Eighth Amendment." *Id.* at 882. In other words, the complaint does not rise to the level of dangerousness that would allow a factfinder to conclude either that there was an objectively serious risk of harm or that the defendant possessed the culpable mental state. Instead, Vines states a classic claim for negligence, which he is free to allege in state court. Because his complaint fails to allege a sufficiently serious risk of harm, Vines fails to state a claim for deliberate indifference. Accordingly, his complaint will be dismissed.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

**IT IS ORDERED** that the jail administrator for the Kenosha County Jail or his designee shall collect from the plaintiff's prison trust account the $350.00 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C.

5

§ 1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   8th   day of November, 2007.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge